## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BILLIE KLESCH-SHEERAN,** | § | |
| **individually and on behalf of all similarly** | § | |
| **situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 3:15-cv-0530** |
| | § | |
| **JCAHO SURVEYOR AND QHR** | § | |
| **CONSULTANT CORP d/b/a THE** | § | |
| **JOINT COMMISSION and d/b/a JOINT** | § | **Jury Demanded** |
| **COMMISSION ON ACCREDITATION** | § | |
| **OF HEALTHCARE** | § | |
| **ORGANIZATIONS, a foreign** | § | |
| **corporation** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Billie Klesch-Sheeran, on behalf of herself and all others similarly situated ("Plaintiff" and "Class Members" herein) bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

## I.      NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                           **Page - 1**

2.      Defendant violated the FLSA by failing to pay overtime pay for the actual hours its Field Representatives were working in excess of 40 each week when those Field Representatives were misclassified as exempt.  Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.      PARTIES

3.      Plaintiff Billie Klesch-Sheeran is an individual who resides in Texas and was employed by Defendants within the meaning of the FLSA.  She hereby consents to be a party in this action and her consent form is attached as "Exhibit A."

4.      The Plaintiff and "Class Members" are Defendant's current and former employees who traveled to hospitals and other health care institutions to perform surveys of the facilities (whether known as "Field Representatives," "Surveyors," or some other title) that were not paid for the overtime hours they actually worked.

5.      Defendant JCAHO Surveyor and QHR Consultant Corp d/b/a The Joint Commission and d/b/a Joint Commission on Accreditation of Healthcare Organizations is a foreign not-for-profit corporation that does and is doing business in the State of Texas and may be served through the Secretary of State of Illinois, through its agents, officers, or managers, or wherever else it may be found.

## III.      JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law.  Defendant is subject to this Court's Jurisdiction because it maintains sufficient minimal contacts with this Jurisdiction and pursuant to Federal Rule of Civil Procedure 4(k).

7.      Venue is proper in the Northern District of Texas because Plaintiff resides in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

## IV.    COVERAGE FACTS

8.      At all material times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

9.      At all times hereinafter mentioned, Defendant was an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.      At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11.      At all times hereinafter mentioned, Defendant has been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12.      At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.    FACTUAL ALLEGATIONS

13.      Defendant is a not-for-profit corporation that accredits and certifies health organizations and programs throughout the United States and has an annual gross volume of sales made or business done of more than $500,000.00.

14.      Plaintiff and Class Members, the employees, were employed by Defendant to work at various client sites all throughout the United States.   Plaintiff and Class Members primarily

surveyed hospitals and other healthcare organizations to evaluate such organizations' degree of compliance with the applicable statutory and regulatory certification standards.

15.     Plaintiff was employed by Defendant as a Field Representative/Surveyor from prior to February 13, 2012, to approximately August 2014.

16.     Plaintiff and Class Members were misclassified as exempt employees until Defendant changed its pay practices beginning in January 2014.  Defendant failed to pay Plaintiff and Class Members a salary as required by the FLSA.  Rather, Plaintiff and the Class Members paid on an hourly basis and were only paid for the days they performed services for Defendant. Additionally, Plaintiff and Class Members were not guaranteed to make at least $455 a week and were not paid wages for absences occasioned by Defendant or Defendant's operating requirements.

17.     While Defendant tracked the number of days worked by Plaintiff and the Class Members, Defendant failed to track and pay for the actual hours worked, including overtime hours, for Plaintiff and the Class Members.

18.     Plaintiff and the Class Members were required to routinely travel away from home to survey Defendant's clients, hospitals, and other healthcare organizations but were not compensated for the time spent traveling home from clients located less than 1,000 miles away from Plaintiff's home.

19.     Additionally, Defendant's pay scheme operated under the assumption that the employees' on-site duties would not require more than 8 hours of work in a particular day; therefore, Defendant did not establish a daily time recording system for the employees nor did Defendant establish a weekly time recording system.

20.     Defendant did not tell the employees to track their daily time.

21.     Defendant did not post any information about the FLSA or the employees' potential right to overtime in its facilities nor did they educate the employees on these potential rights at the employees' initial training.

22.     Instead, Defendant paid the employees on a monthly basis that made it impossible for the employees failed to pay for their actual hours worked.   Defendant derived these monthly numbers from the employees' site itineraries and based on the assumptions described above.

23.     Rather than work 8 or fewer hours each day they were on site, Plaintiff and the Class Members were in practice:

  a.   Required to arrive at the client site pre-shift to report to site personnel;

  b.   Required to work through their designated lunches;

  c.   Required to stay post-shift when the site work was incomplete or in order to meet as a team;

  d.   Required to perform additional "off-the-clock" administrative tasks.   For example, the Plaintiff and Class Members had to book and schedule their own travel and lodging, prepare an individualized site agenda prior to beginning any new site project, and to complete and submit site reports after the completion of each on-site day but prior to midnight of the following day.

24.     During the three years prior to filing this lawsuit,

  a.   Plaintiff and the Class Members regularly worked on-site four or more days each week and frequently needed two full days of travel to these various sites.

  b.   Plaintiff and the Class Members frequently worked more than 40 hours each work

    c.  Plaintiff's and the Class Members' Field Directors or immediate supervisors were aware of this excessive time in that these Directors worked as supervisors themselves, witnessed the employees' off-site work, and engaged in after-hours communications with the employees.

25.    Plaintiff and the Class Members were not properly compensated for the hours worked in excess of 40 in a workweek.  Plaintiff and the Class Members routinely worked in excess of 40 hours per week, but were not paid time-and-one-half their regular rates of pay for those hours.

26.    During the three year period prior to this suit, Defendants have employed individuals as Field Representatives, Surveyors, or employees by some other name who performed the same job duties under the same pay provision and practice as Plaintiff and the Class Members, who were similarly denied overtime compensation.

27.    Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.  Defendant failed to post the required FLSA posters and failed to investigate if its classification of Plaintiff and the Class Members was in compliance with the FLSA until it changed its practices in January of 2014.

## VI.    COLLECTIVE ACTION ALLEGATIONS

28.    Plaintiff and the Class Members performed the same or similar job duties as one another in that they traveled to hospitals and other health care institutions to perform surveys of the facilities for accreditation and rating purposes.  Further, Plaintiffs and Class Members were subjected to the same pay provisions in that they were not paid on a salary basis and were not paid at time-and-one-half their regular rates of pay for hours worked over 40 in a work week. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff.

29.      Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a common policy or practice of misclassifying the employees as exempt when they failed to meet the exemption requirements by failing to pay Plaintiff and the Class Members on a salary basis.  This policy or practice is/was applicable to Plaintiff and the Class Members.  Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit.

## VII.    CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

During the relevant period, Defendant violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

## VIII.   RELIEF SOUGHT

30.      WHEREFORE, cause having been shown, Plaintiff and  pray for judgment against Defendant as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b.      For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.      For an Order awarding Plaintiff (and those who may join in the suit) attorneys fees; and

d.      For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

_/s/ J. Derek Braziel_____

**J. DEREK BRAZIEL**
*Attorney in Charge*
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**