IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLIE KLESCH-SHEERAN, individually and on behalf of all similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 3:15-cv-0530 |
| | § | |
| JCAHO SURVEYOR AND QHR CONSULTANT CORP d/b/a THE JOINT COMMISSION and d/b/a JOINT COMMISSION ON ACCREDITATION OF HEALTHCARE ORGANIZATIONS, a foreign corporation | § § § § § § § § | Jury Demanded |
| Defendant. | § § | |

**DEFENDANT JCAHO SURVEYOR AND QHR CONSULTANT CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF BILLIE KLESCH-SHEERAN'S ORIGINAL COMPLAINT**

Defendant JCAHO Surveyor and QHR Consultant Corporation ("Surveyor Corp."), by and through its attorneys, Husch Blackwell, LLP and Goldberg Kohn Ltd., respectfully files its Answer and Defenses to Plaintiff Billie Klesch-Sheeran's Original Complaint (the "Complaint"). Surveyor Corp., does not answer as "d/b/a the Joint Commission" or "d/b/a The Joint Commission on Accreditation of Healthcare Organizations," because Surveyor Corp., does not do business under those names. The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in Plaintiff's Complaint. To the extent the allegations within Plaintiff's Complaint are not expressly admitted, they are hereby denied.

I.   NATURE OF SUIT

**COMPLAINT ¶1:**

The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of

workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that [sic] one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

**ANSWER:**

Surveyor Corp., admits that Congress passed the FLSA in 1938, and that the FLSA requires employers to compensate nonexempt employees at a rate of one-and-one-half times their regular rates for all hours worked over 40 in a workweek. Surveyor Corp., denies the remaining allegations set forth in Paragraph 1 of the Complaint.

**COMPLAINT ¶2:**

Defendant violated the FLSA by failing to pay overtime pay for the actual hours its Field Representatives were working in excess of 40 each week when those Field Representatives were misclassified as exempt. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Surveyor Corp., admits that Plaintiff purports to bring a collective action for alleged violations of the FLSA. Surveyor Corp., and the Joint Commission (see answer to paragraph 3 below) deny the remaining allegations set forth in Paragraph 2 of the Complaint.

## II.   PARTIES

**COMPLAINT ¶3:**

Plaintiff Billie Klesch-Sheeran is an individual who resides in Texas and was employed by Defendants within the meaning of the FLSA. She hereby consents to be a party in this action and her consent form is attached as "Exhibit A."

**ANSWER:**

Surveyor Corp., denies that Plaintiff was its employee, as Surveyor Corp., is only a payroll processing entity.  The Joint Commission on Accreditation of Healthcare Organizations, an Illinois not-for-profit corporation (hereafter the "Joint Commission"), is the controlling

2

member of Surveyor Corp., and is Plaintiff's employer. Rather than deny all the Plaintiff's allegations because they are not directed to her employer, Surveyor Corp., will respond as if answering on behalf of and in the name of the Joint Commission.

The Joint Commission admits that Plaintiff has filed a notice of consent as Exhibit A to the Complaint. The Joint Commission lacks sufficient information to admit or deny the allegation that Plaintiff resides in Texas, and therefore denies the allegation. The Joint Commission denies the remaining allegations set forth in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

The Plaintiff and "Class Members" are Defendant's current and former employees who traveled to hospitals and other health care institutions to perform surveys of the facilities (whether known as "Field Representatives," "Surveyors," or some other title) that were not paid for the overtime hours they actually worked.

**ANSWER:**

The Joint Commission admits that Plaintiff seeks to define the collective action members as its "current and former employees who traveled to hospitals and other healthcare institutions to perform surveys" (whether referred to as "Surveyors" or by other titles). By referring to Plaintiff and Class Members collectively in its answers, the Joint Commission does not admit or concede that Plaintiff and the Class Members are "similarly situated" under the FLSA. The Joint Commission denies the remaining allegations set forth in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

Defendant JCAHO Surveyor and QHR Consultant Corp d/b/a The Joint Commission and d/b/a Joint Commission on Accreditation of Healthcare Organizations is a foreign not-for-profit corporation that does and is doing business in the State of Texas and may be served through the Secretary of State of Illinois, through its agents, officers, or managers, or wherever else it may be found.

**ANSWER:**

3

The Joint Commission denies that Surveyor Corp., does business as "The Joint Commission" or "The Joint Commission on Accreditation of Healthcare Organizations;" but admits the remaining allegations set forth in Paragraph 5 of the Complaint.

### III.    JURISDICTION AND VENUE

**COMPLAINT ¶6:**

This Court has jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law. Defendant is subject to this Court's Jurisdiction because it maintains sufficient minimal contacts with this Jurisdiction and pursuant to Federal Rule of Civil Procedure 4(k).

**ANSWER:**

The Joint Commission admits the allegations set forth in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

Venue is proper in the Northern District of Texas because Plaintiff resides in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

**ANSWER:**

The Joint Commission lacks sufficient information to admit or deny the allegation that Plaintiff resides in this District, and thus denies this allegation and the remaining allegations set forth in Paragraph 7 of the Complaint.

### IV.    COVERAGE FACTS

**COMPLAINT ¶8:**

At all material times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

**ANSWER:**

The Joint Commission denies the allegations set forth in Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

At all times hereinafter mentioned, Defendant was an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

4

The Joint Commission admits that it was Plaintiff's employer. The Joint Commission denies the remaining allegations set forth in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

**ANSWER:**

The Joint Commission admits that it is an enterprise as defined by the FLSA. The Joint Commission denies the remaining allegations set forth in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

At all times hereinafter mentioned, Defendant has been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

**ANSWER:**

The Joint Commission admits that it is an enterprise engaged in commerce as defined by the FLSA. The Joint Commission denies the remaining allegations set forth in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**ANSWER:**

The Joint Commission admits that Plaintiff was engaged in commerce as defined by the FLSA. The Joint Commission denies the remaining allegations set forth in Paragraph 12 of the Complaint.

## V.    FACTUAL ALLEGATIONS

**COMPLAINT ¶13:**

Defendant is a not-for-profit corporation that accredits and certifies health organizations and programs throughout the United States and has an annual gross volume of sales made or business done of more than $500,000.00.

**ANSWER:**

The Joint Commission admits the allegations set forth in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

Plaintiff and Class Members, the employees, were employed by Defendant to work at various client sites all throughout the United States. Plaintiff and Class Members primarily surveyed hospitals and other healthcare organizations to evaluate such organizations' degree of compliance with the applicable statutory and regulatory certification standards.

**ANSWER:**

The Joint Commission denies the allegations set forth in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Plaintiff was employed by Defendant as a Field Representative/Surveyor from prior to February 13, 2012, to approximately August 2014.

**ANSWER:**

The Joint Commission admits the allegations set forth in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

Plaintiff and Class Members were misclassified as exempt employees until Defendant changed its pay practices beginning in January 2014. Defendant failed to pay Plaintiff and Class Members a salary as required by the FLSA. Rather, Plaintiff and the Class Members paid on an hourly basis and were only paid for the days they performed services for Defendant. Additionally, Plaintiff and Class Members were not guaranteed to make at least $455 a week and were not paid wages for absences occasioned by Defendant or Defendant's operating requirements.

**ANSWER:**

The Joint Commission denies the allegations set forth in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

While Defendant tracked the number of days worked by Plaintiff and the Class Members, Defendant failed to track and pay for the actual hours worked, including overtime hours, for Plaintiff and the Class Members.

**ANSWER:**

The Joint Commission denies the allegations set forth in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

Plaintiff and the Class Members were required to routinely travel away from home to survey Defendant's clients, hospitals, and other healthcare organizations but were not compensated for the time spent traveling home from clients located less than 1,000 miles away from Plaintiff s home.

**ANSWER:**

The Joint Commission denies the allegations set forth in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

Additionally, Defendant's pay scheme operated under the assumption that the employees' on-site duties would not require more than 8 hours of work in a particular day; therefore, Defendant did not establish a daily time recording system for the employees nor did Defendant establish a weekly time recording system.

**ANSWER:**

Assuming the term "employees" refers to Surveyors, the Joint Commission denies the allegations set forth in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

Defendant did not tell the employees to track their daily time.

**ANSWER:**

Assuming the term "employees" refers to Surveyors, the Joint Commission admits the allegations set forth in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

Defendant did not post any information about the FLSA or the employees' potential right to overtime in its facilities nor did they educate the employees on these potential rights at the employees' initial training.

**ANSWER:**

The Joint Commission denies the allegations set forth in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Instead, Defendant paid the employees on a monthly basis that made it impossible for the employees failed to pay for [sic] their actual hours worked. Defendant derived these monthly numbers from the employees' site itineraries and based on the assumptions described above.

**ANSWER:**

The Joint Commission denies the allegations set forth in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

Rather than work 8 or fewer hours each day they were on site, Plaintiff and the Class Members were in practice:

    a.    Required to arrive at the client site pre-shift to report to site personnel;

    b.    Required to work through their designated lunches;

    c.    Required to stay post-shift when the site work was incomplete or in order to meet as a team;

    d.    Required to perform additional "off-the-clock" administrative tasks. For example, the Plaintiff and Class Members had to book and schedule their own travel and lodging, prepare an individualized site agenda prior to beginning any new site project, and to complete and submit site reports after the completion of each on-site day but prior to midnight of the following day.

**ANSWER:**

The Joint Commission denies the allegations set forth in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

During the three years prior to filing this lawsuit,

8

      a.      Plaintiff and the Class Members regularly worked on-site four or more days each week and frequently needed two full days of travel to these various sites.

      b.      Plaintiff and the Class Members frequently worked more than 40 hours each work.

      c.      Plaintiff's and the Class Members' Field Directors or immediate supervisors were aware of this excessive time in that these Directors worked as supervisors themselves, witnessed the employees' off-site work, and engaged in after-hours communications with the employees.

**ANSWER:**

The Joint Commission lacks sufficient information to admit or deny Paragraph 24 because Plaintiff does not state how she defines the terms "regularly," "frequently," and "excessive" as used in the allegations; therefore, The Joint Commission denies the allegations set forth in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Plaintiff and the Class Members were not properly compensated for the hours worked in excess of 40 in a workweek. Plaintiff and the Class Members routinely worked in excess of 40 hours per week, but were not paid time-and-one-half their regular rates of pay for those hours.

**ANSWER:**

The Joint Commission denies the first sentence set forth in Paragraph 25 of the Complaint. The Joint Commission lacks sufficient information to admit or deny the second sentence of Paragraph 25 because Plaintiff does not state how she defines the term "routinely," but admits that Plaintiff and purported Class Members were not paid time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. The Joint Commission denies the remaining allegations set forth in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

During the three year period prior to this suit, Defendants have employed individuals as Field Representatives, Surveyors, or employees by some other name who performed the same

job duties under the same pay provision and practice as Plaintiff and the Class Members, who were similarly denied overtime compensation.

**ANSWER:**

The Joint Commission admits that it paid no overtime compensation (defined as time-and-one-half the regular rate of pay for hours worked in excess of 40 hours in a workweek) to Surveyors (whether referred to as "Surveyors" or by other titles), but denies the remaining allegations set forth in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members. Defendant failed to post the required FLSA posters and failed to investigate if its classification of Plaintiff and the Class Members was in compliance with the FLSA until it changed its practices in January of 2014.

**ANSWER:**

The Joint Commission denies the allegations set forth in Paragraph 27 of the Complaint.

## VI. COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶28:**

Plaintiff and the Class Members performed the same or similar job duties as one another in that they traveled to hospitals and other health care institutions to perform surveys of the facilities for accreditation and rating purposes. Further, Plaintiffs and Class Members were subjected to the same pay provisions in that they were not paid on a salary basis and were not paid at time-and-one-half their regular rates of pay for hours worked over 40 in a work week. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff.

**ANSWER:**

The Joint Commission admits that Plaintiff traveled to hospitals to perform surveys for accreditation purposes and was not paid at time-and-one-half her regular rate of pay for hours worked over 40 in a work week, but denies the remaining allegations set forth in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a common policy or practice of misclassifying the employees as exempt when they failed to meet the exemption requirements by failing to pay Plaintiff and the Class Members on a salary basis. This policy or practice is/was applicable to Plaintiff and the Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit

**ANSWER:**

The Joint Commission denies the allegations set forth in Paragraph 29 of the Complaint.

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

**COMPLAINT ¶30:**

During the relevant period, Defendant violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

**ANSWER:**

The Joint Commission incorporates its answers to Paragraphs 1 through 29. The Joint Commission denies the allegations set forth in paragraph 30 of the Complaint.

### VIII. RELIEF SOUGHT

**COMPLAINT ¶31:**

WHEREFORE, cause having been shown, Plaintiff and ___ [sic] pray for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

   b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys fees; and

      d.      For and [sic] Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

      e.      For an Order granting such other and further relief as may be necessary and appropriate.

**ANSWER:**

The Joint Commission admits that Plaintiff seeks the relief requested in Paragraph 31 of the Complaint. The Joint Commission denies that any such relief is appropriate and denies the remaining allegations set forth in Paragraph 31 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting these defenses, the Joint Commission does not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof. In addition, the Joint Commission is continuing to investigate Plaintiff's allegations and, therefore, reserves the right to amend its Answer and Defenses.

The term "Plaintiff," as used below, refers to any and all current and future Plaintiffs in this lawsuit.

      1.      The FLSA claims are limited to the applicable two-year statute of limitations because Plaintiff cannot establish a willful violation of the FLSA.

      2.      The FLSA claims are barred, in whole or in part, because Plaintiff was exempt from the overtime requirements of the FLSA. Specifically, Plaintiff Klesch-Sheeran was properly classified as exempt. Other purported "Class Members" may be subject to the same or other exemptions.

3. The Joint Commission should not be required to pay liquidated damages because its acts or omissions were in good faith and it had reasonable grounds for believing that its acts or omissions were not a violation of the FLSA.

4. The claims for liquidated damages and pre-judgment interest are barred to the extent that these forms of relief are duplicative of each other.

5. At all times relevant, The Joint Commission complied with the requirements of the FLSA. In the alternative, The Joint Commission is entitled to a set-off with respect to any monies paid to Plaintiff for any hours when she was not performing work for the Joint Commission and for any other amounts paid to her for which she would not have been eligible had she been classified as nonexempt.

6. This case may not be maintained as a collective action because Plaintiff is not similarly situated to the persons she purports to represent. Thus, she cannot satisfy the requirements necessary to maintain a collective action under 29 U.S.C. § 216(b).

7. The Joint Commission reserves the right to raise additional affirmative defenses as may be discovered during the course of these proceedings.

WHEREFORE, Surveyor Corp., (and Joint Commission) respectfully prays that Plaintiff take nothing by this action, that this action be dismissed with prejudice, and that Surveyor Corp., (and Joint Commission) be awarded all of its costs, expenses, and any other relief this Court deems just and proper.

Respectfully submitted,

By: */s/ Josef S. Glynias*
Josef S. Glynias*
Missouri Bar No. 54974
Illinois Bar No. 6281804
joe.glynias@huschblackwell.com
HUSCH BLACKWELL LLP

190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

Albert A. Carrion
Texas Bar No. 03883100
Albert.Carrion@huschblackwell.com
HUSCH BLACKWELL, LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 — Telephone
(512) 479-1101 — Facsimile

Kevin Koronka
Texas Bar No. 24047422
Kevin.Koronka@huschblackwell.com
HUSCH BLACKWELL, LLP
2001 Ross Avenue, Suite 2000
Dallas, Texas  75201
(214) 999-6100— Telephone
(214) 999-6170 — Facsimile

Michael L. Sullivan*
Illinois Bar No. 6207822
Michael.Sullivan@goldbergkohn.com
Kristen A. Jones*
Illinois Bar No. 6300135
kristen.jones@goldbergkohn.com
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603-5792
(312) 201 – 4000 – Telephone
(312) 332 – 2196 – Facsimile

*Pro hac vice applications to be filed.

**ATTORNEYS FOR DEFENDANT JCAHO SURVEYOR AND QHR CONSULTANT CORPORATION**

**CERTIFICATE OF SERVICE**

    I hereby certify that the on this 24th day of March, 2015, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of the filing to the following:

    J. Derek Braziel
    J. Forester
    LEE & BRAZIEL, L.L.P.
    1801 N. Lamar Street, Suite 325
    Dallas, Texas 75202

    /s/ Albert A. Carrion
    Albert A. Carrion