IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLIE KLESCH-SHEERAN, § <br> individually and on behalf of all similarly § <br> situated, § <br> § <br> Plaintiff, § <br> v. § <br> § <br> JCAHO SURVEYOR AND QHR § <br> CONSULTANT CORP d/b/a THE § <br> JOINT COMMISSION and d/b/a JOINT § <br> COMMISSION ON ACCREDITATION § <br> OF HEALTHCARE § <br> ORGANIZATIONS, a foreign § <br> corporation § <br> § <br> Defendant. § | Civil Action No. 3:15-cv-0530 <br><br><br> Jury Demanded |

## RULE 26(f) CONFERENCE REPORT

Pursuant to the Court's April 13, 2015, Order, the parties submit the following Report Regarding Contents of Scheduling Order:

1. **A brief statement of the claims and defenses:**

    **Nature of the Case**

    The present matter is brought under the Fair Labor Standards Act seeking the recovery of allegedly unpaid overtime wages. 29 U.S.C. § 201 *et seq.* Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b).

    **Plaintiffs' Statement**

    Plaintiff, and those similarly situated, asserts Defendants violated the FLSA by failing to pay overtime wages to current and former Field Representatives/Surveyors who surveyed hospitals and other healthcare organizations to evaluate such organizations' degree of compliance with the applicable statutory and regulatory certification standards. Plaintiff claims she and other similarly situated individuals were misclassified as exempt employees and were not paid overtime compensation or for their actual hours of work in excess of 40 per week. In essence, Defendants treated these individuals as exempt from the overtime requirements of the FLSA.

Because Defendants allegedly misclassified Plaintiff and those similarly situated as exempt, Plaintiff brings this matter as a collective action. At the appropriate time, plaintiff intends to seek court authorization to notify other misclassified employees of their right to participate in this action if they desire to do so.

**Defendants' Statement**

As a preliminary matter, Surveyor Corp, as it is named in Plaintiff's Complaint, was not Plaintiff's employer within the meaning of the FLSA and thus, should not be a party to the suit. Surveyor Corp did not answer as "d/b/a the Joint Commission" or "d/b/a The Joint Commission on Accreditation of Healthcare Organizations," because Surveyor Corp does not do business under those names. Plaintiff's employer was The Joint Commission on Accreditation of Healthcare Organizations, an Illinois not-for-profit corporation (hereafter the "Joint Commission"), which is the controlling member of Surveyor Corp. As reflected in Defendant's Answer and Defenses to Plaintiff's Complaint, rather than deny all the Plaintiff' s allegations because they are not directed to her employer, Surveyor Corp responded as if answering on behalf of and in the name of the Joint Commission.

Neither Surveyor Corp nor the Joint Commission violated the FLSA with respect to Plaintiff's employment. The Joint Commission denies that Plaintiff was entitled to overtime or any other additional compensation under the FLSA. As permitted by the FLSA and its implementing regulations, Plaintiff was properly classified as an exempt employee of the Joint Commission and was properly compensated for her services.

Additionally, to the extent that Plaintiff asserts an FLSA claim outside of the applicable statute of limitations, such claim is barred. Plaintiff has failed to state a claim upon which relief can be granted. Contrary to Plaintiff's assertions that she did not receive overtime pay, the Joint Commission acted in good faith in actually paying wages to her. Moreover, the Joint Commission did not engage in any willful conduct. Plaintiff is not entitled to any damages as she has already been paid all of the money due and owing to her.

2. **A proposed time limit to file motions for leave to join other parties.**

The Parties propose that the deadline for filing all motions for leave to join other parties be determined and proposed to the Court as part of the second scheduling conference as more fully set forth below:

Because this is an FLSA collective action potentially involving over a hundred potential plaintiffs, the Parties propose that the case proceed in two separate phases that will affect all of the deadline proposals or requests sought by the Court in Nos. 3-14 of the Order:

> **Phase One** would be limited to consideration of Plaintiffs' Motion for Notice and Conditional Certification. Discovery in Phase One would be limited to issues relating to certification. Assuming no delays due to scheduling conflicts or discovery disputes, the parties propose a deadline to file the Motion for Notice and Conditional Certification of **September 16, 2015.**

>**Phase Two** of the case would begin immediately after the close of any opt-in period, provided the Court grants the Motion for Notice and Conditional Certification, or after the Court denies the Motion. The Parties propose that within 30 days after Phase Two begins, the Parties engage in a second Rule 16 conference for the purpose of presenting an agreed proposed scheduling order and case management plan to the Court. The Parties may also engage in initial settlement discussions at this time.
>
>Without knowing the size of this matter, the Parties are unable to anticipate with certainty the amount of time necessary for discovery. Based on the experience of both counsel, once Phase Two commences, the discovery process could take between 9-12 months to complete, depending on the number of individuals who consent to become opt-in plaintiffs. The parties believe that 9-12 months may be a reasonable and necessary amount of time in which to conduct discovery in this case because (1) the Parties need adequate time to schedule and take depositions of potential fact witnesses involved in this case; (2) the Parties anticipate designating expert witnesses in this case and adequate time will be needed to obtain and depose those experts; and (3) the Parties need to allow time in which they may conduct written discovery in this case. The proposed second scheduling conference at the beginning of Phase Two will allow the Parties to confer with more specific knowledge as to the breadth of this action.

**3.     A proposed time limit to amend pleadings.**

The Parties propose this deadline be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

**4.     Proposed time limits to file various types of motions, including dispositive motions.**

The Parties propose this deadline be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

**5.     A proposed time limit for initial designation of experts.**

The Parties propose this deadline be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

**6.     A proposed time limit for responsive designation of experts.**

The Parties propose this deadline be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

**7.     A proposed time limit for objections to experts (i.e. <u>Daubert</u> and similar motions);**

  The Parties propose this deadline be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

    The Parties believe that discovery will need to be conducted on Plaintiff's claims for unpaid overtime wages, including the hours Plaintiff worked and the wages Plaintiff was paid for those hours. The Parties also anticipate conducting discovery on Defendants' defenses.

    The Parties propose this deadline be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

9. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

    The Parties propose this limit be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

    The Parties propose this issue be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

11. **Any proposals regarding the handling and protection of privileged or trial-preparation materials that should be reflected in a Court Order.**

    The Parties propose this issue be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

12. **A proposed trial date, estimated number of days required for trial and whether jury has been demanded.**

    The Parties propose this deadline be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

13. **A proposed date for further settlement negotiations.**

    The Parties propose this deadline be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirements for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

    The Parties propose this deadline be determined and proposed to the Court as part of the second scheduling conference as more fully set forth in paragraph No. 2 above.

15. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Renee Harris Toliver.**

    The Parties do not consent to trial before a United States Magistrate Judge.

16. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, and if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

    The parties are amenable to mediation to attempt to resolve this matter. The Parties would need to know the number of case participants prior to mediation and may need limited discovery to be prepared to mediate this case.

17. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

    None.

18. **Whether a conference with the Court is desired.**

    No conference is desired at this time.

19. **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

    None at this time.

Respectfully submitted,

| | |
|---|---|
| /s/ J. Forester<br>**J. DEREK BRAZIEL**<br>Texas Bar No. 00793380<br>**J. FORESTER**<br>Texas Bar No. 24087532<br>**LEE & BRAZIEL, LLP**<br>1801 N. Lamar St., Suite 325<br>Dallas, Texas 75202<br>Telephone: (214) 749-1400<br>Facsimile: (214) 749-1010<br><br>**ATTORNEYS FOR PLAINTIFFS** | /s/ Josef S. Glynias<br>**Josef S. Glynias\***<br>Missouri Bar No. 54974<br>Illinois Bar No. 6281804<br>joe.glynias@huschblackwell.com<br>**HUSCH BLACKWELL LLP**<br>190 Carondelet Plaza, Suite 600<br>St. Louis, MO 63105<br>Telephone: (314) 480-1500<br>Facsimile: (314) 480-1505<br><br>Albert A. Carrion<br>Texas Bar No. 03883100<br>Alvert.carrion@huschblackwell.com<br>**HUSCH BLACKWELL LLP**<br>111 Congress Avenue, Suite 1400<br>Austin, Texas  78701<br>Telephone: (512) 472-5456<br>Facsimile: (512) 479-1101<br><br>Kevin Koronka<br>Texas Bar No. 24047422<br>Kevin.Koronka@huschblackwell.com<br>**HUSCH BLACKWELL LLP**<br>2001 Ross Avenue, Suite 2000<br>Dallas, Texas  75201<br>Telephone: (214) 999-6100<br>Facsimile: (214) 480-6170<br><br>Michael L. Sullivan\*<br>Illinois Bar No. 6207822<br>Michael.Sullivan@goldbergkohn.com<br>Kristen A. Jones\*<br>Illinois Bar No. 6300135<br>kristen.jones@goldbergkohn.com<br>**GOLDBERG KOHN LTD.**<br>55 East Monroe Street, Suite 3300<br>Chicago, Illinois 60603-5792<br>Telephone: (312) 201-4000<br>Facsimile: (312) 332-2196<br><br>\*Admitted Pro Hac Vice<br><br>**ATTORNEYS FOR DEFENDANTS** |

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2015, a copy of the foregoing document was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

/s/J. Derek Braziel
**J. Derek Braziel**